IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE PATRICK MARTINEZ,

        Petitioner,

vs.                                                  No. CV 99-127 SC/LFG

TIM LeMASTER,

        Respondent.

## MEMORANDUM AND ORDER APPOINTING COUNSEL

THIS MATTER comes before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court finds that counsel should be appointed for Petitioner Joe Patrick Martinez ("Martinez"), in light of the following:

The Court's preliminary analysis of this matter indicates that Martinez may have a valid claim for habeas relief, based on the argument that his first plea was induced by an unfulfillable promise and was therefore involuntary. The promise was that a sentence in a second case before a different judge would be concurrent with his first sentence. Although Martinez concentrates on the second sentencing in his petition for habeas relief, he has raised the constitutional issue, in both state and federal court, that his guilty plea in the first proceeding was based by an unenforceable promise to run two sentences concurrently.

There is no New Mexico authority directly on point, and the federal courts are divided on this issue, but the state supreme court could reasonably have accepted Respondent's argument,

made in the proceedings below, that the Luna County judge in the first case did not have authority to restrict the Doña Ana County judge's sentencing discretion in the second case by binding him in advance to a concurrent sentence arrangement. (*See*, Answer, Ex. H, *citing* State v. Frederick, 74 N.M. 42, 44, 390 P.2d 281 (1964); Jarrett v. State, 665 So.2d 331, 332 (Fla. App. 1995); United States v. Quintero, 157 F.3d 1038 (6th Cir. 1998)). Thus, the concurrency inducement constituted an unfulfillable promise.

On review, a federal court may set aside a state court guilty plea only for failure to satisfy due process. Miles v. Dorsey, 61 F.3d 1459, 1465 (10th Cir. 1995). A defendant has not been given due process unless his guilty plea was voluntarily and intelligently made. Id., *citing* Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1711-12 (1969). A guilty plea, if induced by promises which are unfulfillable, is not voluntary, and a conviction based upon such a plea is subject to collateral attack. Reed v. Turner, 444 F.2d 206, 208-09 (10th Cir. 1971).

In his "Reply and Traverse" to the State's response to his motion to alter or amend (treated as a habeas petition by the state court), and in his petition for certiorari to the New Mexico Supreme Court, Martinez asserts Fourteenth Amendment violations due to the manner in which the two sentences were imposed. He also states in his state certiorari petition that he entered into the plea agreement in the Luna cause "for no reason other than the promise of a concurrent sentence was made." (Answer, Ex. F, at 3). This states a claim that his plea was induced by an unfulfilled or unfulfillable promise, thus rendering it involuntary.

The record establishes that the plea agreement contained other inducements, including the fact that the State agreed to reduce the charge against Martinez from a third degree felony to a fourth degree felony (RP-Luna, Tape 5, at 2.34, 7.07; Plea and Disposition Agreement, at 1;

Statement of Facts, at 1) and, in addition, the State agreed not to file habitual offender charges against Martinez (RP-Luna, Tape 5, at 1.56; Plea and Disposition Agreement, at 1).

These two changes resulted in a reduction in Martinez's sentence from a possible maximum of four years (assuming no aggravating circumstances); three years for a third degree felony, N.M.S.A. 1999 §31-18-5; plus one additional year for habitual offender status (assuming only one prior felony), N.M.S.A. 1999 §31-18-17. The sentence Martinez received under his plea bargain was 18 months. Thus, even without the concurrency element, Martinez received a substantial benefit from his plea bargain. However, the concurrency element may have been a material inducement to accept the plea. Thus, if the plea was induced by an unfulfillable promise, the plea agreement in the Luna cause would be null and void.

The Court is concerned, however, that Martinez may not realize the consequences of prevailing on his request for habeas relief. The appropriate remedy for a habeas petitioner who asserts an involuntary plea is withdrawal of the plea. Gill v. Turner, 443 F.2d 1064, 1066 (10th Cir. 1971). A Court's determination that a plea of guilty was involuntary is not an adjudication of his guilt or innocence and does not constitute a bar to further proceedings based on original information. Wynn v. Page, 390 F.2d 545, 546 (10th Cir. 1968). Upon withdrawal of a guilty plea, the State has the option of trying a petitioner on all original charges including any that were dropped in connection with the plea agreement. If convicted, the petitioner could be sentenced to a longer term than he received under the voided plea agreement.

> [I]t should be pointed out to [Petitioner] and the many others who are filing petitions for a writ of habeas corpus in this court, that it is possible that some may be doing themselves more harm than good.

Shupe v. Sigler, 230 F. Supp. 601, 606-07 (D. Neb. 1964).

3

Martinez may have completed, or almost completed the consecutive sentences. If he is allowed to withdraw his plea, he may be exposing himself to the third-degree felony and habitual offender charges which he avoided by pleading guilty.

> It is the right of each person in a democracy to determine the extent to which such person will stand on principle for principle's sake. Commendatory as such a stand is, I want to make certain that each petitioner in the many habeas corpus cases before me understands that there will be cases where the establishment of a principle could result in greater or more severe punishment in terms of length of sentence when the cases is again heard in the state court.

Id.

This Court is concerned with the possibility that Martinez in applying for a writ of habeas corpus may not fully understand the consequences if the writ of habeas corpus were to be granted. Martinez should have the opportunity to discuss with counsel whether, and how he wishes to proceed in this matter, given his options.

IT IS THEREFORE ORDERED that the Federal Public Defender is assigned to represent the petitioner in this proceeding.

IT IS FURTHER ORDERED that the Petitioner's counsel after careful review of this order and discussion with Petitioner, shall provide to the court within sixty (60) days from the date of this order a written report as to whether the Petitioner wishes to proceed on his application for relief.

IT IS FURTHER ORDERED that the Clerk shall forward to Petitioner's counsel a certified copy of this order and shall forward copies of all orders, pleadings and supporting papers filed in this proceeding to Petitioner's counsel.

                                                                                               _____
                                                                                               Lorenzo F. Garcia
                                                                                               United States Magistrate Judge